IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D'ALESSANDRO CHAVEZ-SANDOVAL JANTRA PALMER, individually, and as next friend of Alan Kerber, deceased; MARGARET SIMON and JOSEPH SIMON, individually and as next friends of Victoria Simon, deceased, and G.L., a minor; KYLE RYKER; MICHAEL WALKER; DAEVION YOUNG; and ERIC RUSSELL; *Plaintiffs*, | § § § § § § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-03072 |
| HARRIS COUNTY, TEXAS, *Defendant*. | § § § | |

## HARRIS COUNTY'S MOTION TO STAY PENDING RULINGS ON MOTIONS TO DISMISS AND SEVER

Harris County requests the Court stay discovery in this case pending its rulings on Harris County's motions to dismiss and sever.

### Summary of the Argument

This Court should stay discovery as the proper scope of discovery (if any) in this case will not be established until after it rules on Harris County's motions to dismiss and sever Plaintiffs' claims. It is well settled that district courts should enter stay orders pending ruling on dismissal or other dispositive motions that would affect the scope of discovery. The Court's discretion when handling prisoner civil rights cases is further reinforced by District Court Local Rule 16.1 when managing scheduling issues. Plaintiffs filed an unwieldy 223-page amended complaint asserting section 1983 *Monell* claims arising from seven unrelated, distinct, and different incidents. Each

allege differing purported patterns or practices allegedly established by these seven incidents as well as more than an additional 70 unrelated, distinct, and different third-party incidents.

Hence, as currently pled, Plaintiffs will inherently seek overly broad discovery in this one suit regarding not only their seven distinct incidents, but also the 70-plus other separate comparator incidents. As briefed in Harris County's pending motions to dismiss and sever, Plaintiffs' *Monell* claims should be dismissed and (if not dismissed) severed precisely because their seven incidents are so factually unrelated, distinct, and different from not just each other, but also the more than 70 additional comparator incidents. Plaintiffs thus fail to meet their burden to properly allege a pattern or practice for their *Monell* claims as neither their incidents nor comparator incidents satisfy the requirement for sufficiently numerous or similar prior incidents. Plaintiffs further improperly join their own seven individual claims in this single suit as they do not arise from the same transaction or occurrence.

Allowing Plaintiffs discovery at this juncture would hence be premature as the Court's rulings on Harris County's motions will likely substantially impact the scope of discovery. Dismissal of any claims would inherently eliminate discovery regarding same, thus narrowing the case. In addition, if not dismissed, severance of Plaintiff's possible remaining claims from any other possible remaining claims would promote judicial economy and allow proper tailoring of discovery. The Court should hence stay discovery in this case until the proper scope of discovery is established by its rulings on Harris County's motions to dismiss and sever Plaintiffs' claims.

## Nature & Stage of Proceedings

Plaintiffs assert section 1983 *Monell* claims against Harris County for alleged constitutional violations that occurred in various Harris County facilities. Doc. 13. Suit was filed on August 16, 2024, and was originally assigned to Judge Hittner. Doc. 1. On November 22, 2024,

Plaintiffs filed a second amended complaint. Doc. 13. On December 12, 2024, Harris County filed separate motions to dismiss the claims of each Plaintiff. Docs. 17–23. Plaintiffs filed a motion to strike Harris County's motions to dismiss. Doc. 31. On February 17, 2025, Harris County also filed seven motions to sever Plaintiffs' claims. Docs. 63–69. Pending before this Court are Harris County's motions to dismiss (Docs. 17–23), Plaintiffs' motion to strike (Doc. 31), and Harris County's motions to sever (Docs. 63–69). Now, Harris County brings this motion to stay discovery pending rulings on its motions to dismiss and sever.

## Issues Presented & Standard of Review

The issue at hand is whether this Court should stay discovery in this case pending its rulings on Harris County's motions to dismiss and sever Plaintiffs' claims. In deciding such, the Court has broad discretion in enforcing its procedures and local rules. *Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012).

## Argument and Authorities

"It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings, while discovery helps a plaintiff obtain enough evidence to succeed on the merits." *Shaver v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 593 F. App'x 265, 274 (5th Cir. 2014); *accord Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 354 (5th Cir. 2011) ("It is properly within the province for the district court to stay discovery pending resolution of dispositive motions, as the court has wide latitude to order proceedings in the interest of justice and judicial economy."); *Estate of Brown v. Ogletree*, No. H-11-1491, 2011 U.S. Dist. LEXIS 167422, at *6 (S.D. Tex. 2011) (denying motion to lift stay because court's ruling on motion to dismiss for what claims remain in suit would affect

3

scope of discovery). *See also Spadafora v. Hotel Rsrv. Serv., Inc.*, No. 4:23-CV-735-SDJ, 2023 U.S. Dist. LEXIS 238031, at *2 (E.D. Tex. 2023) (granting stay of discovery because 12(b)(6) motion "provide[d] substantial arguments for dismissal of many, if not all, of Plaintiffs' claims [which] might preclude the need for discovery altogether").

In this case, the Court should enter a stay as the proper scope of discovery will not be established until after it rules on whether any of Plaintiffs' seven impermissibly joined claims should be dismissed and, in the event certain claims are not dismissed, whether any of Plaintiffs' remaining claims be ordered severed. Plaintiffs filed a 223-page amended complaint asserting section 1983 *Monell* claims premised upon alleged constitutional violations arising from seven unrelated, distinct incidents that occurred in the Harris County jail and other facilities. Doc 13, ¶¶ 1060–1157. In addition, in attempting to satisfy their burden to plead sufficiently numerous similar prior incidents to support multiple purported patterns or practices, Plaintiffs allege that the seven distinct, different incidents giving rise to their claims are similar *and* related not only to each other, but to over an additional 70 other alleged incidents involving unrelated third parties. *Id.* at ¶¶ 95–1056.

As Harris County has shown in its motions to dismiss, the seven incidents giving rise to each individual Plaintiff's claims are not in any manner similar or related to each other—let alone to the 70-plus comparator incidents on which they rely—as required to support their distinct *Monell* claims. Docs. 17–23. In addition, as Harris County has shown in its motions to sever, the seven incidents giving rise to each Plaintiff's distinct claims do not arise from the same transaction or occurrence as required to support joining them in a single suit to begin with. Docs. 63–69. Rather, their seven incidents and the numerous other comparator incidents are wholly unrelated, distinct, and different from each other—because they involve different locations, different staff,

4

disparate fact patterns and alleged constitutional injury, at different times, in different jail and non-jail facilities.

Plaintiffs by definition will seek overly broad discovery in this suit regarding not only their disparate seven incidents but also the 70-plus other readily distinguishable comparators. Plaintiffs' broad and sweeping allegations result in an improper and open-ended scope of discovery, making management of the case inherently unwieldly and impractical. Narrowing of the issues before this Court is, as a result, essential. If a single plaintiff properly alleged the facts of an incident, and specifically identified other factually similar incidents, the scope of discovery would inherently be tethered to any other factually similar incidents. Plaintiffs' reliance on an overbroad and onerous combination of wholly unrelated incidents with 70-plus wholly unrelated disparate comparator incidents eliminates any reasonable limitation on the scope of this litigation. Plaintiffs' claims and allegations effectively seek to place within the scope of discovery virtually every alleged unfortunate event in Harris County facilities over a fifteen-year span.

Plaintiffs' claims and allegations raise substantial difficulties for the parties and the Court in determining the proportional needs of the case, the appropriate scope of discoverable information, and the scope of judicial resources required to administer this matter. If any Plaintiff's claims are dismissed, that would eliminate unrelated unnecessary discovery for whatever claims that might remain. Should any claims remain, severance would nonetheless be essential to judicial economy and the proper tailoring of discovery. Remaining Plaintiffs, if any, would be entitled to discovery targeted to their individual fact pattern at issue and any comparator incidents that may be factually similar (if any).

It would be premature to allow Plaintiffs to engage in discovery at this juncture as the Court's rulings on Harris County's motions to dismiss and sever would invariably impact the

scope. Each Plaintiff's claims should be limited to their own unique discovery needs. Allowing discovery to proceed with Plaintiffs' impermissibly combined, overly broad claims would lead to substantial confusion and difficulty regarding case-management and use of judicial resources.

A stay order would further be consistent as anticipated by Rule 16.1 of the Local Rules for the Southern District. Local Rule 16.1 acknowledges the unique challenges courts face from a case management perspective when administering prisoner civil rights cases. Rule 16.1 provides the Court further discretion in waiting to enter a scheduling order until such time as it finds practicable given the nature of the pleadings, and the necessity to limit the scope of such cases. *See* Local Rule 16.1(a) (requiring court to enter scheduling order at initial pretrial conference "except in . . . prisoner civil rights [cases]"). Although the Court has already issued a scheduling order in this case, Local Rule 16.1 confirms that a stay order is appropriate here given the inherent difficulty and strain on judicial resources when managing prisoner civil rights litigation as currently pled. Harris County therefore requests the Court stay discovery until the proper scope of discovery, if any, is established by following its rulings on Harris County's motions to dismiss and sever.

## Conclusion

Harris County asks this Court to grant this motion and stay discovery in this case pending ruling on Harris County's motions to dismiss (Docs. 17–23) and motions to sever (Docs. 63–69) Plaintiffs' claims.

                                          Respectfully submitted,

                                          FELDMAN & FELDMAN, P.C.

Date: February 19, 2025               */s/ Cris Feldman*
                                          Cris Feldman
                                          Attorney in charge
                                          Federal Bar No. 712459
                                          State Bar No. 24012613
                                          cris.feldman@feldman.law
                                          3355 West Alabama Street, Suite 1220
                                          Houston, Texas 77098
                                          Phone: (713) 986-9471
                                          Facsimile: (713) 986-9472

                                          *Attorneys for Harris County, Texas*

OF COUNSEL:
Fernando De Leon
Federal Bar No. 32395
State Bar No. 24025325
fernando.deleon@feldman.law
Derek D. Bauman
Federal Bar No. 814346
State Bar No. 24044475
derek.bauman@feldman.law
Feldman & Feldman, P.C.
3355 West Alabama Street, Suite 1220
Houston, Texas 77098
Phone: (713) 986-9471
Facsimile: (713) 986-9472

## Certificate of Conference

I certify that on February 17, 2025, I conferred with opposing counsel who informed me his clients are opposed to the motion.

                                           */s/ Fernando De Leon*
                                           Fernando De Leon

## Certificate of Service

I certify that the above and foregoing documents was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification to the attorney(s) of record listed below:

Paul A. Grinke
Aaron Dekle
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034
paul@bencrump.com
aaron@bencrump.com

Wisam Ghuneim
THE GHUNEIM LAW FIRM
4702 Spencer Hwy.
Pasadena, Texas 77505
wg@hhuneimlaw.com
eservice@ghuneimlaw.com

*Attorneys for Plaintiffs*

                                           */s/ Derek D. Bauman*
                                           Derek D. Bauman