IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D'ALESSANDRO CHAVEZ-SANDOVAL; JANTRA PALMER, Individually, and as Representative of the Estate of Alan Kerber, Deceased; MARGARET SIMON and JOSEPH SIMON Individually and as Next Friends of Victoria Simon, Deceased, and G.L., a minor, and Representative of the Estate of Victoria Simon; KYLE RYKER; MICHAEL WALKER; DAEVION YOUNG; and ERIC RUSSELL, | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO: 4:24-cv-3072 |
| *Plaintiffs*, v. HARRIS COUNTY, TEXAS, *Defendant*. | | |

**PLAINTIFFS' RESPONSE TO HARRIS COUNTY'S MOTION TO STAY DISCOVERY**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW Plaintiffs, and file this their Response to Defendant Harris County's Motion to Stay Discovery (Dkt. No. 70), and in support thereof would respectfully show unto the Court as follows:

**TABLE OF CONTENTS**

I. SUMMARY OF THE ARGUMENT ................................................................................. 1
II. STATEMENT OF NATURE AND STAGE OF PROCEEDING ............................... 3
III. STATEMENT OF THE ISSUES AND STANDARD OF REVIEW ........................... 3
IV. ARGUMENT AND AUTHORITIES ............................................................................. 5
 A. The Outstanding Motions to Dismiss Do Not Require a Blanket Stay of Discovery .. 5
 B. The Outstanding Motions to Sever Do Not Require a Blanket Stay of Discovery ...... 8
 C. Staying Discovery Will Only Delay Justice and Impede the Ability to Prepare for Trial Under the Court's Current Scheduling Order ........................................................... 11
V. CONCLUSION ............................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Vertafore, Inc.*,
  No. 4:20-cv-04139, 2021 U.S. Dist. LEXIS 56904 (S.D. Tex. March 25, 2021) .......... 7, 11, 12

*Ashford, Inc. v. Unite Here*,
  No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792, at *2 (N.D. Tex. May 12, 2015) ........ 10

*Edge196 LLC v. Jointer, Inc.*,
  H-20-3417, 2021 U.S. Dist. LEXIS 169508 (S.D. Tex. Jan. 22, 2021) ....................... 4, 6, 7, 11

*Estevis v. City of Laredo*,
  No. 5:22-CV-22, 2023 U.S. Dist. LEXIS 233845 (S.D. Tex. March 31, 2023)........................ 9

*Glazer's Wholesale Drug Co v. Klein Foods, Inc.*,
  No. 3-08-CV-0774-L, 2008 U.S. Dist. LEXIS 56564 (N.D. Tex. July 23, 2008)............. passim

*Glover v. Argonaut Ins. Co.*,
  No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755 (M.D. La. Jan. 15, 2025) ...................... 12

*Griffin v. Am. Zurich Ins. Co.*,
  No. 3:14-C-2470-P, 2015 U.S. Dist. LEXIS 178956 (N.D. Tex. March 18, 2015) ................. 10

*Lee v. U.S. Bank N.A.*,
  No. 6:20-CV-00074, 2022 U.S. Dist. LEXIS 244234 (S.D. Tex. Jan. 13, 2022)............... 4, 6, 7

*Shanmugavelandy v. Univ. of Tex. M.D. Anderson Cancer Ctr.*,
  H-18-4645, 2019 U.S. Dist. LEXIS 21197 (S.D. Tex. Feb. 8, 2019)........................................ 7

*Valenzuela v. Crest-Mex Corp.*,
  No. 16-1129, 2017 U.S. Dist. LEXIS 98963 (N.D. Tex. June 26, 2017) ......................... 4, 7, 10

*Wagner v. Harris Cnty.*,
  No. 4:23-CV-02886, 2024 U.S. Dist. LEXIS 58331 (S.D. Tex. March 28, 2025)..................... 1

*Wagner v. Harris Cnty.*,
   No. 4:23-CV-02886, 2024 U.S. Dist. LEXIS 68793 (S.D. Tex. April 15, 2024).............. 1, 8, 9

*Wagner v. Harris Cnty.*,
  No. 4:23-CV-02886, 2024 U.S. Dist. LEXIS 98779 (S.D. Tex. June 4, 2024)...................... 1, 6

*X Corp. v. Media Matters for Am.*,
  No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110 (N.D. Tex. April 26,2024)....... 4, 6, 7, 10

*Xenex Healthcare Servs. v. Larochelle*,
  No. 5:17-CV-328-DAE, 2017 U.S. Dist. LEXIS 226438 (W.D. Tex. April 27, 2017)............ 10

 **Rules**

Fed. R. Civ. P. 12............................................................................................................................ 3

Fed. R. Civ. P. 16..................................................................................................................... 2, 12

Fed. R. Civ. P. 26.................................................................................................................. passim

LR 16.1 ................................................................................................................ 2, 5, 12, 13

## I.  SUMMARY OF THE ARGUMENT

1. Defendant's Motion to Stay should be denied as Defendant has not, and cannot, carry its heavy burden to establish good cause in delaying discovery in this case. Numerous Courts within the Fifth Circuit including the Southern District of Texas have repeatedly held that the mere presence of a Motion to Dismiss does not justify a stay of discovery. The Defendant must provide far greater specific factual arguments that show an undue burden that is above and beyond normal litigation parameters. Defendant's Motion fails to provide any specific factual arguments to support a finding of good cause for the stay. Further, in light of the Southern District's Order denying Harris County's nearly identical Motion to Dismiss and Motion to Sever in relation to nearly identical pleadings in *Wagner v. Harris Cnty.* a cursory review of the Motions does not provide a substantial likelihood of their success which is necessary for a stay to be appropriate. *See* No. 4:23-CV-02886, 2024 U.S. Dist. LEXIS 68793 (S.D. Tex. April 15, 2024) (Denying Harris County's Motion to Sever); No. 4:23-CV-02886, 2024 U.S. Dist. LEXIS 98779 (S.D. Tex. June 4, 2024) (Denying Harris County's Motion to Dismiss); No. 4:23-CV-02886, 2024 U.S. Dist. LEXIS 58331 (S.D. Tex. March 28, 2025) (Denying Harris County's Motion for Reconsideration of the Denial of the Motion to Sever).

2. Defendant's conclusory arguments pertaining to the Motion to Dismiss are not a sufficient basis for staying discovery. A stay of discovery during the pendency of a motion to dismiss is the exception rather than the rule and the burden that the movant bears is a substantial one because a stay is an intrusion into the ordinary processes of administration and judicial review. Defendant makes no argument that would move this case into that very narrow exception.

3. Likewise, the outcome of the Motion to Sever will have no influence on the scope or burden of discovery because as required under *Monell* each of the Plaintiffs are entitled to the

discovery pertaining to the identified comparators in the Complaint as well as the policies, training, and additional comparators to be found in discovery. Severance would actually result in an increased burden on Defendant to have to respond to seven identical sets of discovery on the comparators and common policies rather than one set of discovery. This discovery will be permitted regardless of the outcome of the Motions to Sever. Therefore, a stay will serve no purpose other than to delay justice to the Plaintiffs.

4. Defendant's Motion fails to specifically articulate and provide evidence of any undue burden that requiring normal discovery will cause them outside of the standard scope of discovery. When the party seeking the stay fails to provide specific evidence of undue burden and expense outside of normal litigation procedure and costs, they have failed to show good cause and a stay would be inappropriate. No discovery has been propounded as of the filing of this Response to which Defendant can actually point to as being burdensome or irrelevant. Instead, Defendant's Motion is seeking a preemptory discovery order limiting the scope of discovery based on a hypothetical without any discovery conflict for the Court to analyze. Because Defendant has standard discovery remedies available to them during the course of discovery, Defendant's Motion cannot support a stay.

5. Finally, Local Rule 16.1 has no bearing on the basis for a stay of discovery because the Court has already required a Rule 26(f) conference, conducted a Rule 16 conference, and has entered two different scheduling orders. This case does not pose any of the risks associated with the alleged prisoner civil rights cases because the Plaintiffs do not fall within that term because they are not pro se prisoners filing claims subject to the PLRA. As such, this case poses none of the preliminary issues that arise in those cases. Defendant failed to raise this argument at either the Rule 26(f) conference or Rule 16 conference and cannot rely on it now.

PLAINTIFFS' RESPONSE TO MOTION TO STAY                                                                                          2

6.     This case is already eight months old. Plaintiffs are entitled to swift justice and to be able gather the evidence and witnesses in this case before that information goes missing or stale. Defendant fails to make any arguments that do not exist in every other case that has a Rule 12(b)(6) motion. To hold otherwise would allow any defendant to delay a case by filing numerous dispositive motions and argue that discovery should be delayed during their pendency. Because Defendant cannot carry its burden to establish the basis for a stay, Plaintiffs ask the Court to deny the Motion to Stay and permit the Parties to begin conducting discovery.

## II.     STATEMENT OF NATURE AND STAGE OF PROCEEDING

7.     On August 16, 2024, Plaintiffs filed a lawsuit representing seven individuals who were either severely injured or killed within the Jail due to the Jail's unconstitutional policies. Dkt. No. 1. Plaintiffs identified 5 interrelated practices, policies, and customs that were expanded upon throughout the complaint. Dkt. No. 13 at ¶ 1058. Plaintiffs also asserted the same failure to train, supervise, and discipline claims. *Id.* at ¶¶ 1125–57. Plaintiffs filed their First Amended Complaint on November 22, 2024. *Id*. The Court conducted its Rule 16 conference and entered a scheduling order on December 6, 2024. Dkt. No. 16. Because of the delay in the motion practice with the extensive briefing, the deadlines in the scheduling order were untenable and the Court entered an Amended Scheduling Order on January 17, 2025. Dkt. No. 43. Trial is currently set for April 2026. *Id.* No discovery has occurred outside of Plaintiffs' Initial Disclosures.

## III.     STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

8.     The issue in Harris County's Motion is whether Defendant has carried its heavy burden to establish good cause for a blanket stay of all discovery by making a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *X*

*Corp. v. Media Matters for Am.*, No. 4:23-cv-01175-O, 2024 U.S. Dist. LEXIS 79110, at *2–3 (N.D. Tex. April 26,2024) (internal quotations omitted).

9.  The power to stay any part of a case is within the discretion of the Court. *Lee v. U.S. Bank N.A.*, No. 6:20-CV-00074, 2022 U.S. Dist. LEXIS 244234, at *2–4 (S.D. Tex. Jan. 13, 2022) (Tipton, J.). A request to stay discovery falls within the purview of a motion for protective order under Federal Rule of Civil Procedure 26(c). *Id.* at *3. "The party seeking the stay bears the burden of showing good cause." *X Corp.*, 2024 U.S. Dist. LEXIS 79110, at *3. "[F]ederal district courts in the Fifth Circuit uniformly recognize that staying discovery pending a ruling on a dispositive motion is the exception—not the general rule." *Lee*, 2022 U.S. Dist. LEXIS 244234, at *3 (compiling cases). "That is because a stay of discovery is an 'extraordinary step.'" *X Corp.*, 2024 U.S. Dist. Lexis 79110, at *2 (quoting *Valenzuela v. Crest-Mex Corp.*, No. 16-1129, 2017 U.S. Dist. LEXIS 98963, at *5 (N.D. Tex. June 26, 2017)). Good cause for a protective order must be shown with particular facts that the purported discovery will cause annoyance, embarrassment, oppression, or undue burden or expense. *Lee*, 2022 U.S. Dist. LEXIS 244234, at *3. Standard discovery in the context of the case is not a basis alone to establish the need for a stay especially when the defendant has at their disposal normal discovery remedies including objections and protective orders in response to particularized requests instead of a blanket stay of all discovery. *Edge196 LLC v. Jointer, Inc.*, H-20-3417, 2021 U.S. Dist. LEXIS 169508, at *2–3 (S.D. Tex. Jan. 22, 2021) (Bray, Mag.); *Glazer's Wholesale Drug Co v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 U.S. Dist. LEXIS 56564, at *3 (N.D. Tex. July 23, 2008); *Valenzuela*, 2017 U.S. Dist. LEXIS 98963, at *15–16; *X Corp.*, 2024 U.S. Dist. LEXIS 79110, at *12–13.

## IV.   ARGUMENT AND AUTHORITIES

10.   Defendant's Motion to Stay is filled with conclusory statements that do not show with particularized facts how a blanket stay of discovery is appropriate or necessary. Dkt. No. 70. Defendant seems to solely argue that because the Motions to Sever and the Motions to Dismiss exist then a stay is necessary. *Id.* However, case law makes clear that the mere existence of a motion to dismiss or any similar motion does not satisfy the movant's burden to establish good cause. *See* cases cited *supra* at ¶ 9. The Motion also fails to show how the discovery in this case would cause an undue burden outside normal discovery parameters that would necessitate a blanket stay of discovery. Until actual discovery is propounded, Defendant's Motion is premature and cannot satisfy the requirements necessary for a protective order. Additionally, this case does not fall within the scope of Local Rule 16.1 because this case is not dealing with pro se prisoners under the PLRA as Plaintiffs are bringing these claims for deceased individuals and detainees with the representation of counsel making the considerations for Local Rule 16.1 to be inapplicable.

### A. The Outstanding Motions to Dismiss Do Not Require a Blanket Stay of Discovery

11.   Defendant makes the unsupported argument that a stay is necessary because the Motions to Dismiss will help determine the proper scope of discovery. Dkt. No. 70 at 1–4. Defendant spends the majority of its Motion rearguing its conclusory statements raised in its Motions to Dismiss that Plaintiffs' allegations of their own and the similar incidents are unrelated without any support for that argument. *Id.* As stated in the Response to the Motions to Dismiss, Defendants are attempting to impose an evidentiary standard at the Motion to Dismiss stage to have the Court analyze the similarity and numerosity of the comparators identified by Plaintiffs above and beyond whether the allegations state a claim. *See* Dkt. No. 45 at 9–12 and Dkt. Nos. 46–51. This is an inappropriate analysis because Plaintiffs only have to allege a few similar claims

to get past the pleading stage under the § 1983 *Monell* analysis. *Wagner*, 2024 U.S. Dist. LEXIS 98779, at *34–45.

12. Essentially, Defendant is making the argument that every defendant can make when they file a dispositive motion—"if the motion is granted then it would eliminate discovery." This argument alone without any specific jurisdictional or statutory exceptions is insufficient to establish the basis for a blanket stay of discovery. *Lee*, 2022 U.S. Dist. LEXIS 244234, at *3–4. "A defendant's belief that he or she will prevail on a dispositive motion is insufficient to warrant staying discovery. Indeed, *every* defendant who files a Rule 12(b)(6) motion presumably believes that they will prevail. To believe otherwise would violate the duty of candor owed to the Court." *Id.* (internal citations omitted, emphasis in original).

13. To stay discovery pending the outcome of a motion to dismiss, a factor the Court can consider is whether after a "cursory review" of the motion is the outcome of the motion so obvious and substantial that it would justify a stay. *X Corp.*, 2024 U.S. Dist. LEXIS 79110, at *4; *Edge196,* 2021 U.S. Dist. LEXIS 169508, at *2; *Glazer's Wholesale*, 2008 U.S. Dist. LEXIS 56564, at *2–3. "This standard is a demanding one because a stay is an intrusion into the ordinary processes of administration and judicial review." *X Corp.*, 2024 U.S. Dist. LEXIS 79110, at *4. Defendant's Motions to Dismiss after a cursory review certainly do not meet this demanding standard especially in light of Judge Ellison's holding in *Wagner v. Harris Cnty.* where the Court held that nearly identical pleadings surpassed the pleading requirements necessary to assert claims against Harris County denying their similar motion to dismiss. 2024 U.S. Dist. LEXIS 98779, at *34–45.

14. It is confusing how Defendant can argue that Plaintiffs' 223-page Complaint, that identifies with significant specificity over 90 similar incidents and dozens of other supporting

evidence, cannot adequately meet the liberal pleading standards for complaints. In addition to the nearly identical complaint in *Wagner* being upheld for 27 other plaintiffs, Plaintiffs' Complaint includes a plethora of factual allegations that satisfy the pleading standard for *Monell* claims against Harris County that will overcome the Motions to Dismiss. Dkt. No. 13. (Plaintiffs' incorporate their Responses to the Motions to Dismiss as if stated herein instead of restating the same arguments). Defendant's Motion cannot show to a substantial certainty that the outcome of the Motions to Dismiss will likely lead to dismissal of the claims. Even if dismissal results in unnecessary discovery, this alone is not sufficient to establish the need for a stay. *Allen v. Vertafore, Inc.*, No. 4:20-cv-04139, 2021 U.S. Dist. LEXIS 56904, at *2 (S.D. Tex. March 25, 2021) (Edison, Mag.).

15.　　Additionally, courts routinely deny motions to stay during the pendency of a motion to dismiss because leave to amend a complaint is a possible outcome to the motion to dismiss which would permit discovery anyways. *See Shanmugavelandy v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, H-18-4645, 2019 U.S. Dist. LEXIS 21197, at *2 (S.D. Tex. Feb. 8, 2019) (Rosenthal, J.); *Valenzuela*, 2017 U.S. Dist. LEXIS 98963, at *16. As such in accordance with a significant number of cases, the existence of the Motions to Dismiss do not provide good cause to grant the Motion to Stay. *See e.g. X Corp.*, 2024 U.S. Dist. LEXIS 79110, at *2–11; *Lee*, 2022 U.S. Dist. LEXIS 244234, at *3–4; *Shanmugavelandy*, 2019 U.S. Dist. LEXIS 21197, at *2; *Valenzuela*, 2017 U.S. Dist. LEXIS 98963, at *16; *Glazer's Wholesale*, 2008 U.S. Dist. LEXIS 56564, at *2–3; *Edge196*, 2021 U.S. Dist. LEXIS 169508, at *2–3. Further, because Defendant cannot show that a cursory review of the Motion to Dismiss will substantially likely lead to dismissal of the claims (especially in light of the precedent on the nearly identical complaint in *Wagner*), a stay

would not serve any purpose in limiting the scope of discovery and does not meet the substantial burden of establishing good cause.

### B. The Outstanding Motions to Sever Do Not Require a Blanket Stay of Discovery

16. Defendant next argues that the scope of discovery will be limited if the Motions to Sever are granted because discovery can then focus on each individual Plaintiffs' claims. Dkt. No. 70 at 1, 4–5. This argument is improperly premised on Defendant's misunderstanding of the scope of discovery versus pleading requirements as well as their misunderstanding of the discovery and evidentiary requirements for a *Monell* claim. Defendant makes no specified showing how the motion to sever will ultimately limit the scope of discovery. Instead, under their own argument and as shown in the Responses to the Motions to Sever, severance would require the same discovery on all of the comparators that Plaintiffs allege to determine if those comparators meet the similarity and specificity requirement in seven cases instead of having that information discovered one time in this case. *See* Dkt. No. 74 at 20–21 and Dkt. Nos. 75–80.

17. As stated by Judge Ellison in *Wagner* in rejecting Harris County's Motion to Sever, the Court held that to establish municipal liability Plaintiffs are required to present a pattern of similar incidents which makes discovery of that information "crucial" to Plaintiffs' claims. 2024 U.S. Dist. LEXIS 68793, at *10. Because the requirement for production of similar incidents is crucial to Plaintiffs' case, judicial economy is saved by having one set of discovery on these common allegations, policies, and incidents rather than having the same discovery propounded in seven different cases. *Id.* at *10–11. Severance would actually impose a greater burden on Defendant to have to answer seven sets of identical discovery instead of answering it one time.

18. Defendant, similar to their Motions to Dismiss and Motions to Sever, makes unsupported conclusory arguments that the comparators in the Complaint are completely unrelated

to each other. Dkt. No. 70 at 4–5. This argument is in complete contradiction to the Complaint itself and attempts to have the Court read the Complaint in a way most favorable to Defendant rather than Plaintiff and conduct an evidentiary analysis prior to discovery even beginning. *Id.* This argument attempts to limit the scope of discovery.

19. Because of the requirement to show a pattern of conduct in *Monell* cases, "Courts . . . routinely recognize that such claims often require a broad and substantial amount of discovery that would not be involved if the plaintiff had sued only the individuals directly involved in the alleged deprivation of rights given the heavy burden on that claim." *Estevis v. City of Laredo*, No. 5:22-CV-22, 2023 U.S. Dist. LEXIS 233845, at *6–7 (S.D. Tex. March 31, 2023). Thus, if there exists a significant number of incidents that could potentially be considered as similar to support a finding of pervasive conduct, then this information is relevant and discoverable. *See Id.* The fact that Harris County disagrees with the similarity of the comparators in the Complaint does not mean that discovery of those comparators and others in discovery is not relevant or proportional to the needs of the case or that the Court or a jury will not consider them to show the existence of a pervasive condition or policy in the Jail. In fact, the more comparators found is the exact sort of evidence that the Fifth Circuit requires in asserting these claims. *Wagner*, 2024 U.S. Dist. LEXIS 68793, at *10. So the fact that Harris County's pervasive wrongdoing may lead to the production of a plethora of additional comparators does not make that discovery unduly burdensome or outside the scope of relevancy requiring a stay. Instead, by its very nature, each of the Plaintiffs will be entitled to this same information whether they are severed or not. A municipality cannot claim that discovery is unduly burdensome simply because they have committed more wrongdoing which will result in more evidence against them.

PLAINTIFFS' RESPONSE TO MOTION TO STAY                                                                                   9

20. To be entitled to a stay, Defendant must make a particularized showing that the actual discovery propounded will be unduly burdensome or expensive outside the "usual inconveniences and costs that are associated with discovery practice." *Valenzuela*, 2017 U.S. Dist. LEXIS 98963, at *16 (quoting *Ashford, Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792, at *2 (N.D. Tex. May 12, 2015)); *Xenex Healthcare Servs. v. Larochelle*, No. 5:17-CV-328-DAE, 2017 U.S. Dist. LEXIS 226438, at *7 (W.D. Tex. April 27, 2017). Conclusory arguments that the discovery will be far-reaching, unduly burdensome, and oppressive is not a sufficient basis to establish a need for a stay. *X Corp.,* 2024 U.S. Dist. LEXIS 79110, at *11–15. "Conclusory and halfhearted assertions of undue burden-or reliance on the other factors-fall short of demonstrating good cause." *Id.* at *14. Without showing specifics on the scope of discovery sought, the expenses of responding, and the time to respond, Defendant cannot make the required showing to establish good cause for a blanket stay of discovery. *Id.*; *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-C-2470-P, 2015 U.S. Dist. LEXIS 178956, at *8–9 (N.D. Tex. March 18, 2015) (denying a motion to stay as to the corporate defendants because "the defendants in this case do not present evidence regarding the breadth of discovery that is being sought or the burden or responding to that discovery, or any abusive litigation tactics by the plaintiff.").

21. Here, no discovery has been propounded in this case other than Plaintiffs providing their initial disclosures on December 27, 2024. Defendant's Motion is a premature attempt to have the Court make a ruling on discovery issues that have not yet occurred. Additionally, many Courts have held that a blanket stay of discovery is not the appropriate mechanism when the Defendant has other discovery remedies available such as objections and protective orders in relation to specific discovery requests for the Court to be able to determine the appropriateness of the discovery. *X Corp.,* 2024 U.S. Dist. LEXIS 79110, at *13; *Glazer's Wholesale*, 2008 U.S. Dist.

LEXIS 56564, at *2–3; *Edge196*, 2021 U.S. Dist. LEXIS 169508, at *3 ("If the discovery Plaintiffs seek is, in fact, inappropriate, there are remedies that Defendants can seek short of a full stay of discovery."). Because *Monell* requires discovery on comparators and because of the overlap in Plaintiffs' claims, severance would not result in any less discovery but will actually require duplicating the same discovery in all seven cases decreasing judicial economy and ultimately increasing the burden on Defendant. Because this discovery will occur regardless of the outcome of the Motions to Sever, this weighs heavily in favor of denying the Motion to Stay and decreases any alleged burden on Defendant. Defendant has made no showing how the hypothetical future discovery will be unduly burdensome outside the scope of standard discovery in *Monell* cases; therefore, Plaintiffs ask the Court to deny the Motion to Stay and allow Plaintiffs to move forward with discovery.

### C. Staying Discovery Will Only Delay Justice and Impede the Ability to Prepare for Trial Under the Court's Current Scheduling Order

22. This case is now eight months old without any discovery being conducted outside of Plaintiffs' initial disclosures. Dkt. No. 1. The Parties already conducted their Rule 26(f) conference and had the Rule 16 conference with the Court on December 6, 2024. The Court entered a scheduling order that has already had to be amended because Plaintiffs have not been able to conduct discovery to be able to designate experts and prepare for the next stages of the litigation. *See* Dkt. Nos. 16, 42, 43. Under the current scheduling order, Plaintiff has only a few months before expert disclosures are due and then discovery closes before the end of the year. Dkt. No. 43. Any stay of discovery will only interfere with these schedules further and prevent Plaintiffs from meeting these deadlines. *Allen*, 2021 U.S. Dist. LEXIS 56904, at *2 ("Moving forward with discovery now ensures that the parties will have adequate time to prepare for the firm trial date…").

23.     A key aspect of justice is that the case reach trial in a reasonable timeframe to ensure that evidence and witnesses are fresh and available. Any stay would require additional delays in the case and would interfere with the availability of witnesses and the preservation of evidence. Based on Plaintiffs' counsels' experience with Harris County in the related litigation, Harris County has a history of dragging out their discovery responses and production along with being unable to locate relevant evidence due to overwriting that information and having a significant turnover of officers and staff in the Jail. Staying discovery can lead to the delay in gathering this evidence and will only delay the inevitable conflicts and delays that arise in typical discovery. *See Glazer's Wholesale*, 2008 U.S. Dist. LEXIS 56564, at *3; *Allen*, 2021 U.S. Dist. LEXIS 56904, at *2; *Glover v. Argonaut Ins. Co.*, No. 22-445-SDD-SDJ, 2025 U.S. Dist. LEXIS 7755, at *6 (M.D. La. Jan. 15, 2025) ("Extended delay in resolving its case, especially when it is dependent on facts that become more and more distant with each passing month, is indeed a prejudice to Plaintiffs."). The existence of the Motions to Dismiss and Motions to Sever as explained above do not change this result.

24.     Defendant makes an unsupported argument that a stay would be consistent with Local Rule 16.1 which discusses the need for doing an initial pretrial conference in "prisoner civil rights" cases. Dkt. No. 70 at 6. This argument is inapplicable as the Court has already conducted a Rule 16 scheduling order, has issued two scheduling orders, and the Parties have conducted their Rule 26(f) conference. If Defendant truly thought Local Rule 16.1 applied, they failed to raise it prior to the Rule 16 conference waiving any argument that it now applies and requires a stay. Defendant does not make any particular argument on why prisoner civil rights cases have unique challenges facing it in relation to Plaintiffs' specific claims. *Id.* In fact, this rule does not apply to Plaintiffs' claims because they are not pro se plaintiffs who are asserting claims subject to the

PLAINTIFFS' RESPONSE TO MOTION TO STAY                                                        12

PLRA. This is a standard civil rights case that does not pose any special difficulties that PLRA cases pose. Further, Rule 26(a)(1)(B) which Local Rule 16.1 is based on does not exempt this type of proceeding from initial disclosure requirements because the Plaintiffs are represented by counsel. As such, Local Rule 16.1 does not pose any basis for staying discovery in this matter.

25. The Defendant's Motion fails to assert any special basis for removing this case from the standard rule that the court will not stay discovery during a pending motion to dismiss. Defendant cannot articulate any specific factual evidence to show that standard discovery would cause an undue burden or expense on them. As such, a stay of discovery is inappropriate.

## V.    CONCLUSION

26. Based on the foregoing, Plaintiffs respectfully ask the Court to deny Defendant's Motion to Stay.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/Aaron Dekle*
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone

**ATTORNEYS FOR ALL PLAINTIFFS**

**The Ghuneim Law Firm**

Wisam Ghuneim
Attorney to be Noticed
State Bar No. 24035702
wg@ghuneimlaw.com
4702 Spencer Hwy.
Pasadena, Texas 77505
Telephone: (281) 487-8929
Facsimile: (281) 487-0022
Designated E-Service Email Address:
eservice@ghuneimlaw.com

**ATTORNEYS FOR PLAINTIFFS D'ALESSANDRO CHAVEZ-SANDOVAL AND DAEVION YOUNG**

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

/s/ Aaron Dekle
Aaron Dekle