IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D'ALESSANDRO CHAVEZ-SANDOVAL, § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:24-cv-03072 |
| § | | |
| HARRIS COUNTY, TEXAS, § | | |
|    *Defendant*. § | | |

**HARRIS COUNTY'S REPLY IN SUPPORT OF
ITS MOTION FOR PROTECTIVE ORDER**

**Summary of the Reply**

In accordance with this Court's Order granting severance, discovery should proceed *after* this Court has the opportunity to rule on Defendant's Motions to Dismiss, which may significantly narrow the scope of discovery. The Court so advised the parties that discovery should be coordinated "after the motions to dismiss are resolved." Doc. 103. Plaintiff D'Alessandro Chavez-Sandoval ("Chavez") seeks to disregard this ruling.[1] He seeks to conduct discovery as if severance had not occurred and the Court had not stated that discovery should be delayed until after it has ruled on the dismissal motions.

---

[1] This Court severed Plaintiffs into separate causes, with Harris County's motion for protective order appearing in each. *See*, Docs. 101, 103; Docs. 1, 16 in *Palmer v. Harris County*, No. 4:25-cv-02326; Docs. 1, 16 in *Russell v. Harris County*, No. 4:25-cv-02333; Docs. 1, 16 in *Ryker v. Harris County*, No. 4:25-cv-02330; Docs. 1, 16 in *Simon v. Harris County*, No. 4:25-cv-02329; Docs. 1, 16 in *Walker v. Harris County*, No. 4:25-cv-02331; Docs. 1, 16 in *Young v. Harris County*, No. 4:25-cv-02332. Nearly two weeks later, a response to the motion for protective order was filed in only the cause for Chavez, while purporting to be on behalf of all plaintiffs. Because Chavez is the only plaintiff in this cause, all references to "Plaintiff" or "Plaintiffs" in this reply relate only to Chavez. It is up to this Court to determine whether the response filed in only this cause applies to the plaintiffs in the other causes. Should the Court so determine, Harris County respectfully requests that this reply be equally applied to all such plaintiffs and causes as well.

1

**Argument**

In its motion for protective order, Harris County made a simple request. "Harris County asked this Court to protect it from Plaintiffs' improper and unrestrained production requests seeking documents and information and otherwise prohibiting Plaintiffs from conducting any discovery until after the Court rules on Harris County's motions to dismiss and sever." Doc. 101 at 1. After it filed its motion for protection but before Plaintiffs filed a response, this Court granted Harris County's motion to sever. Doc. 103. In the order, this Court determined that "the plaintiffs' claims are not properly joined in one action." *Id.* at 1. The Court recognized, "Every one of the plaintiffs in this action alleges a different basis for his or her § 1983 claims," and "Each of these claims arises out of a different occurrence." *Id.* at 2. Based on these determinations, this Court ruled that "most of the factual issues and many of the legal issues will not overlap" because Plaintiffs allege "factually and legally distinct claims." *Id.* at 3. As a result, this Court ordered that Plaintiffs be severed into separate actions. *Id.* It further held that "[t]he parties *and court* will work together to arrange coordinated (as opposed to consolidated) discovery, to the extent it is both efficient and fair, *after the motions to dismiss are resolved*." *Id.* (emphasis added).

Despite acknowledging this Court's order of severance, Doc. 104 at i n.1, Plaintiffs have refused to acknowledge the effects of the order. The response to the motion to sever was filed only in the cause number for Chavez, leaving the motions for protective order unopposed in the other six causes. Likewise, the response to the motion for protection only presents the argument they wanted to make before this Court granted severance. As a result, the response repeatedly criticizes Harris County for taking positions that were borne out by this Court's severance order while refusing to recognize the dissonance between its arguments and this Court's current rulings.

For example, Chavez argues that Harris County is not entitled to a motion for protective order "simply because [it has] filed a Motion to Dismiss." *Id.* at 5. Chavez refuses to acknowledge,

2

however, that his Court has already decided that discovery should be delay and ordered that it would work with the parties to arrange for discovery that "is both efficient and fair after the motions to dismiss are resolved." Doc. 103 at 3. Because this Court has already determined that the scope of discovery could be affected by its rulings on the motions to dismiss, Chavez's argument to the contrary fail.

Likewise, Chavez argues, "There is a significant overlap amongst the policies and conditions that apply to each Plaintiff." Doc. 104 at 13. Yet, this Court has already held that "most of the factual issues and many of the legal issues will not overlap" because Plaintiffs allege "factually and legally distinct claims." Doc. 103 at 3. For these same reasons, Chavez's repeated arguments that every event is proof of every pattern and practice must fail. *See, e.g.*, Doc. 104 at 15 (arguing Uses of Force reports requested by Chavez "not only directly pertains to each Plaintiffs that are making a use of force claim . . . but it also pertains to each other Plaintiffs' claims as it directly shows the overcrowded and understaffed nature of the Jail [and] also shows the failure to observe and provide medical care as many of these detainees and officers"); *id.* at 20 ("Thus, even if a claim gets dismissed, evidence pertaining to that claim is still discoverable for each other Plaintiff.").

Chavez further argues, "Each of the Requests for Production specifically sought relevant evidence that pertained to at least one if not all the Plaintiffs' claims." Doc. 104 at 13. He asserts that all Plaintiffs are still entitled to any discovery that relates to any one of them because "the case was joined together" when the discovery was served. *Id.* at 14. This argument ignores both that this Court has since severed the Plaintiffs into separate lawsuits and that, in doing so, this Court held that "the plaintiffs' claims [were] not properly joined in one action" and that "plaintiffs may not join factually and legally distinct claims into one action in violation of Rule 20." Doc. 103 at

3

1, 3. Chavez does not get to benefit from discovery that was served while the Plaintiffs' claims were improperly joined.

This Court has severed the Plaintiffs into separate actions. Chavez acknowledges that the discovery requests do not all apply to all Plaintiffs. Doc. 104 at 13. His acknowledgment confirms, then, the need to protect Harris County from responding to the 108 improper production requests until after this Court has ruled on the motions to dismiss, which this Court has already ruled is necessary. Doc. 103 at 3.

In the few instances where Chavez discusses the substance of the discovery requests in the response to the motion, his arguments disprove his stated reason for the discovery. For example, Chavez argues, "Harris County has a history of *not disciplining their officers* for failing to observe, permitting detainee violence, failing to provide medical care, or engaging in excessive use of force." Doc. 104 at 15 (emphasis added). Chavez justifies this alleged failure to discipline as a reason to request "the disciplinary records for officers who have been terminated, suspended, or otherwise disciplined for their actions or inactions within the Jail." *Id.* On their face, the information requested and the stated reason for requesting such are inherently contradictory.

Finally, Chavez disagrees with Harris County over the appropriate time frame for discovery requests and whether he can obtain discovery of incidents that occurred after his own. *Id.* at 16–19. This does not prove the immediate need for discovery.[2] Instead, this is another matter to address

---

[2]   Chavez also insists throughout his response that Harris County is seeking to avoid any kind of discovery through its motion and complains that Harris County did not confer with Chavez. *See, e.g.*, Doc. 104 at 1 n.3. Harris County's motion for protective order merely seeks protection from Plaintiffs' improper production requests and there is nothing remarkable about seeking such protections consistent with its previously filed motion to stay discovery until after rulings on the motions to sever and the motions to dismiss. The Court has already ruled on the motions to sever. No argument by Chavez addresses why discovery cannot wait until the Court has ruled on the motions to dismiss.

when "[t]he parties and court work together to arrange coordinated (as opposed to consolidated) discovery, to the extent it is both efficient and fair, after the motions to dismiss are resolved." Doc. 103 at 3.

The bottom line is discovery should proceed in the severed cases only after this Court has had the opportunity to decide what claims, if any, should proceed. This is consistent with the Court's prior ruling on the severance motions and with the protection sought by Harris County in its Motion for Protective Order.

## Conclusion

Harris County asks this Court to enter an order protecting it from responding to Plaintiffs' 108 requests for production and otherwise prohibiting Plaintiffs from conducting any discovery until after the Court rules on Harris County's motions to dismiss.

                Respectfully submitted,

                FELDMAN & FELDMAN, P.C.

Date: June 24, 2025                */s/ Cris Feldman*
                                          Cris Feldman
                                          Attorney in charge
                                          Federal Bar No. 712459
                                          State Bar No. 24012613
                                          cris.feldman@feldman.law
                                          3355 West Alabama Street, Suite 1220
                                          Houston, Texas 77098
                                          Phone: (713) 986-9471
                                          Facsimile: (713) 986-9472
                                          *Attorneys for Harris County, Texas*

OF COUNSEL:
Fernando De Leon
Federal Bar No. 32395
State Bar No. 24025325
fernando.deleon@feldman.law
Derek D. Bauman
Federal Bar No. 814346

State Bar No. 24044475
derek.bauman@feldman.law
Feldman & Feldman, P.C.
3355 West Alabama Street, Suite 1220
Houston, Texas 77098
Phone: (713) 986-9471
Facsimile: (713) 986-9472

**<u>Certificate of Service</u>**

I certify that the above and foregoing document was electronically filed with the Clerk of the court using the CM/ECF system, which will send notification to the attorney(s) of record listed below:

Paul A. Grinke
Aaron Dekle
BEN CRUMP LAW, PLLC
5 Cowboys Way, Suite 300
Frisco, Texas 75034
paul@bencrump.com
aaron@bencrump.com

Wisam Ghuneim
THE GHUNEIM LAW FIRM
4702 Spencer Hwy.
Pasadena, Texas 77505
wg@hhuneimlaw.com
eservice@ghuneimlaw.com

*Attorneys for Plaintiffs*

                                                 */s/ Derek D. Bauman*
                                                 Derek D. Bauman