United States District Court
Southern District of Texas
**ENTERED**
July 21, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| D'ALESSANDRO CHAVEZ-SANDOVAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-24-3072 |
| | § | |
| HARRIS COUNTY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

D'Alessandro Chavez-Sandoval sued Harris County under 42 U.S.C. § 1983 after detention officers allegedly used excessive force against him while he was at the Harris County Jail on January 19, 2024. (Docket Entry No. 13). The County moved to dismiss Chavez-Sandoval's claims, arguing that he failed to state a claim for relief under any theory of municipal liability. (Docket Entry No. 17). Chavez-Sandoval moved to strike the County's motion. (Docket Entry No. 31). He also filed a response to the motion, and the County filed a reply. (Docket Entry Nos. 45, 55). Having reviewed the lengthy amended complaint, the motions, the response and reply, the record, and the law, the court denies Chavez-Sandoval's motion to strike, and grants the County's motion to dismiss in part and denies it in part. The reasons for these rulings are explained below.

**I.    Background.**

On January 19, 2024, Chavez-Sandoval was in the Harris County Jail Joint Processing Center after a parole violation for a faulty ankle monitor.[1] (Docket Entry No. 13, p. 17). While

---

[1] The amended complaint contains a link to a news story about the incident, which includes background information, an interview with Chavez-Sandoval's attorney, and video footage of the incident

Chavez-Sandoval stood against a wall waiting to be processed, a detention officer began yelling at him from across the room. (*Id.*). The officer approached Chavez-Sandoval, words were exchanged, and the officer grabbed him by the shirt. (*Id.* at 17-18). Chavez-Sandoval pulled away, and the officer responded by punching Chavez-Sandoval multiple times in the face and head. (*Id.* at 18). Chavez-Sandoval punched the officer several times in response, and other detention officers rushed over to try to stop the fight. (*Id.*). The officers tackled Chavez-Sandoval to the ground, rolled him onto his stomach, pulled his hands behind his back, and pulled his ankles upwards toward his back. (*Id.*). Even after Chavez-Sandoval was secured, at least one officer continued to punch him. (*Id.*). Once Chavez-Sandoval was secured, the officers lifted him from the ground and took him to a solitary cell, where he was left in restraints. (*Id.* at 18-19). Chavez-Sandoval suffered obvious facial injuries during the incident, as well as a back injury. (*Id.* at 20). Chavez-Sandoval does not allege facts about when and where he received medical care for his injuries.

In November 2024, Chavez-Sandoval, together with six other plaintiffs, sued the County, alleging unconstitutional conditions of confinement, failure to train, and failure to supervise. (Docket Entry No. 13). The plaintiffs jointly alleged that the following customs or practices caused their injuries: (1) overcrowding and understaffing at the jail; (2) failing to properly observe and monitor detainees; (3) denying detainees adequate and proper medical care; (4) institutionalizing the use of excessive force against detainees; and (5) encouraging a culture of violence among the detainees. (*Id.*). Because the plaintiffs' claims arose from seven different incidents that occurred

---

from inside the Joint Processing Center. (Docket Entry No. 13, p. 19 n.4). The court may consider this evidence, which is referred to in the complaint and which is central to Chavez-Sandoval's claims. *See Rivera v. City of Pasadena*, 555 F. Supp. 3d 443, 452 (S.D. Tex. 2021) (citing *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019)). This description of the incident is taken from both the allegations in the amended complaint and the linked video.

on seven different dates in at least three different jail facilities and that involved at least seven different individual officers, the court severed the plaintiffs' claims into separate actions. (Docket Entry No. 103).

The County filed a separate motion to dismiss as to each plaintiff under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry Nos. 17, 18, 19, 20, 21, 22, 23). In its motion to dismiss Chavez-Sandoval's claims, the County argues that he failed to state a legally sufficient claim under any theory of municipal liability. (Docket Entry No. 17). Chavez-Sandoval filed a motion to strike the separate motions to dismiss on the ground that they were an improper attempt to avoid the court's page limits for motions. (Docket Entry No. 31). He also filed a substantive response to the motion to dismiss his claims. (Docket Entry No. 45). The County filed a reply. (Docket Entry No. 55).

## II. The Motion to Dismiss Standard.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the plaintiff's complaint to state a claim upon which relief can be granted. When the court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). This includes documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claims, and publicly available judicial documents. *See Payne v. City of Houston*, Appeal No. 24-20150, 2025 WL 999085, at *1 (5th Cir. Apr. 3, 2025).

In ruling on a motion to dismiss, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every

doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But despite this liberal standard, to survive a motion to dismiss under Rule 12(b)(6), the complaint must allege specific facts, not conclusory allegations. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020). The complaint must also include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez*, 18 F.4th at 775. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. But if the complaint does not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

## III.     Discussion.

### A.     Chavez-Sandoval's Motion to Strike

Chavez-Sandoval moves to strike the County's motions to dismiss, arguing that by filing a separate motion as to each plaintiff, the County improperly evades the court's page limits for motions. (Docket Entry No. 31). The amended complaint in this action is 223 pages long and contains 1,169 paragraphs, many containing allegations relating to only a few of the plaintiffs. (Docket Entry No. 13). Under these circumstances, the County's separate motions directed to the allegations relating to each plaintiff were not improper. On December 30, 2024, the court granted the County's unopposed motion for leave to file motions in excess of the page limits. (Docket

Entry No. 35). Chavez-Sandoval's motion to strike the County's motions to dismiss, (Docket Entry No. 31), is denied.

### B. The County's Motion to Dismiss

The County moves to dismiss Chavez-Sandoval's claims, arguing that he has failed to state a claim against the County under any theory of municipal liability. Under § 1983, municipalities are not vicariously liable for the unconstitutional actions of their employees. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). A plaintiff seeking relief against a municipal defendant, such as the County, must establish that the allegedly unconstitutional conduct is "directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In general, this requires the plaintiff to (1) identify an official policy, (2) that was promulgated by a municipal policymaker, and (3) that was the moving force behind the violation of a constitutional right. *See Verastique v. City of Dallas, Tex.,* 106 F.4th 427, 432 (5th Cir.), *cert. denied,* 145 S. Ct 772 (2024) (quoting *Johnson v. Harris County*, 83 F.4th 941, 946 (5th Cir. 2023)). The factual allegations necessary to sufficiently plead these elements depend on the nature of the municipal liability claim. But in all cases, "to get past the pleading stage, a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City, Tex.*, 879 F.3d 613, 622 (5th Cir. 2018).

Municipal liability claims against a county based on its policies or practices generally arise under one of two theories: (1) claims based on the conditions of confinement, or (2) claims based on an "episodic act or omission." *See Garza v. City of Donna*, 922 F.3d 626, 632 (5th Cir. 2019). Claims based on conditions of confinement are "attacks on general conditions, practices, rules, or restrictions of pretrial confinement." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir.

1996) (en banc). Conditions-of-confinement claims generally concern "durable restraints or impositions on inmates' lives like overcrowding, deprivation of phone or mail privileges, the use of disciplinary segregation, or excessive heat." *Garza*, 922 F.3d at 633-34. Claims based on episodic acts or omissions generally involve "a particular act or omission of one or more officials" and "an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). In general, "conditions-of-confinement claims challenge the constitutionality of pervasive, systemic policies and customs themselves; episodic-acts-or-omissions claims challenge the constitutionality of the way in which a policy or custom was applied by a jail official in a particular instance." *Feliz v. El Paso County*, 441 F. Supp. 3d 488, 497 (W.D. Tex. 2020) (citing *Estate of Henson v. Wichita County, Tex.*, 795 F.3d 456, 466–67 (5th Cir. 2015)).

In his response to the County's motion to dismiss, Chavez-Sandoval argues that he has alleged sufficient facts to state conditions-of-confinement claims based on (1) the County's failure to provide medical care or the refusal of medical care or the provision of improper or insufficient medical care, (2) the institutionalized use of excessive force, and (3) the systemic understaffing and overcrowding of the jail. (Docket Entry No. 45, p. 11). Chavez-Sandoval also argues that he has alleged sufficient facts to state claims for failure to train and failure to supervise. (*Id.* at 27-30). Chavez-Sandoval does not contend that he has alleged claims based on either the failure to properly observe and monitor detainees or the existence of a culture of violence at the jail, and the court considers his claims based on those two conditions abandoned.

In the alternative, Chavez-Sandoval contends that he has alleged an episodic-acts-or-omissions claim based on the use of excessive force. (Docket Entry No. 13, p. 191 n.24). There

6

is no rule barring a plaintiff from pleading both a conditions-of-confinement claim and an episodic-acts-or-omissions claim. *See Shepherd v. Dallas County, Tex.*, 591 F.3d 445, 452 n.1 (5th Cir. 2009). When a plaintiff does so, the court may evaluate the claims either together or separately. *Id.* The court addresses each type of claim in turn.

### 1. The Conditions-of-Confinement Claims

Because pretrial detainees have not been convicted of a crime, conditions of confinement that "amount to punishment" are unconstitutional. *Cadena v. El Paso County*, 946 F.3d 717, 727 (5th Cir. 2020) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Punishment will be inferred "if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Garza*, 922 F.3d at 632 (quoting *Bell*, 441 U.S. at 539). Conditions of confinement that amount to punishment can arise from either an explicit policy or "an unstated or *de facto* policy, as evidenced by a pattern of acts or omissions sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials." *Shepherd*, 591 F.3d at 452 (quoting *Hare*, 74 F.3d at 645). Because the conditions are challenged as amounting to a policy or practice, a plaintiff alleging a conditions-of-confinement claim need not allege that an individual state actor acted knowingly or intentionally. *See Estate of Henson*, 795 F.3d at 463. Instead, to state a sufficient conditions-of-confinement claim, the plaintiff must allege facts showing: (1) that a rule or restriction or custom or practice was extensive or pervasive; (2) that the rule, restriction, custom, or practice was not reasonably related to a legitimate governmental objective; and (3) that the rule, restriction, custom, or practice was the moving cause of the violation of the inmate's constitutional rights. *See Cadena*, 946 F.3d at 727 (quoting *Duvall v. Dallas County, Tex.*, 631 F.3d 203, 207 (5th Cir. 2011) (per curiam)).

### a. The claim for denial of adequate medical care

Chavez-Sandoval argues that he has stated a conditions-of-confinement claim based on the denial of proper and adequate medical care. His amended complaint alleges numerous incidents of detainees experiencing delayed, denied, inadequate, or improper medical care. (Docket Entry No. 13, pp. 71-72, 74-86, 89-92, 94, 99-104, 105-06, 108-13, 117-19, 123, 125-27, 132-34, 136-37, 147-56, 159-61, 163-65, 172-73). These allegations are supported by a 2009 Department of Justice investigative report that found "systematic deficiencies" in the provision of medical care to detainees. (*Id*. at 31-34). The allegations are also supported by multiple noncompliance reports from the Texas Department of Jail Standards that identify similar deficiencies in the provision of medical care to detainees. (*Id*. at 46-47, 52, 58-59, 67). The allegations are further supported by factual allegations concerning the experiences of numerous other detainees. When considered in total and taken as true, as required at this stage of the litigation, these allegations are sufficient to plead that the County permitted or condoned an extensive and pervasive practice of failing to provide adequate and proper medical care at the jail. Chavez-Sandoval also alleges sufficient facts to support the second element, that the delays or denials of proper and adequate medical care were not reasonably related to a legitimate governmental objective.

But Chavez-Sandoval does not allege sufficient facts to establish the causation element of his claim. To state the causation element of a conditions-of-confinement claim, the plaintiff must allege facts showing that practice or custom was "closely related to the ultimate injury" and "actually caused the constitutional violation complained of." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)); *see also Spiller v. City of Texas City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (the plaintiff must allege facts showing that "the custom or policy served

as the moving force behind the constitutional violation") (cleaned up). Chavez-Sandoval's amended complaint does not allege facts that could show that he was injured as the result of inadequate or improper medical care. He does not allege that he was denied medical care. He does not allege that he received inadequate or improper medical care. He does not allege that he was denied timely or adequate medical evaluations or treatment after he was placed in a solitary cell. While a plaintiff is not required to include "detailed factual allegations" in a complaint, he must allege enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Chavez-Sandoval's amended complaint fails to meet this standard as to the causation element and so fails to state a claim upon which relief can be granted.

In his response to the County's motion to dismiss, Chavez-Sandoval argues for the first time that he was left in restraints while in the solitary cell and that he was denied timely medical care and follow-up care. (Docket Entry No. 45, pp. 25-26). But these allegations do not appear in the amended complaint. The court may not consider new facts alleged for the first time in a response to a motion to dismiss when ruling on that motion. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint."). Making statements about facts in a motion does not plead those facts. These newly presented facts may not be considered to deny an otherwise meritorious motion to dismiss.

In the absence of factual allegations showing that the County's alleged practice of denying detainees adequate and proper medical care caused Chavez-Sandoval's constitutional injuries, he does not allege a facially sufficient conditions-of-confinement claim based on this alleged custom or practice. The County's motion to dismiss Chavez-Sandoval's conditions-of-confinement claim based on inadequate or improper medical care is granted. This claim is dismissed. Although leave

9

to amend was not requested, the court cannot find that amendment would be futile. The dismissal is without prejudice.

### b. The claim for the institutionalized use of excessive force.

Chavez-Sandoval argues that he has properly pleaded a conditions-of-confinement claim based on the institutionalized use of excessive force against detainees. He alleges facts that could show that detention officers used excessive force against him on January 19, 2024. He also alleges facts about many incidents of officers using excessive force against other detainees in retaliation for reporting issues to supervisory officials, in response to perceived slights or verbal resistance, or for no reason at all. (Docket Entry No. 13, pp. 22-23, 73-74, 86-98, 104-06, 131-36, 138, 142-43, 149-51, 153-54, 157-58, 172-73, 175). These accounts of the use of unprovoked excessive force are supported by the findings from a 2009 Department of Justice investigation, (*id.* at 34-36); a 2023 Texas Commission on Jail Standards investigative report, (*id.* at 54-55); and Texas state statistical reports on use-of-force incidents in the jail. (*Id.* at 43-45). These allegations are sufficient to state a claim that the County permitted or condoned an ongoing extensive and pervasive practice of using excessive force against detainees. *See, e.g., Bartee v. Harris County*, No. 4:16-cv-2944, 2018 WL 8732519, at *5 (S.D. Tex. Mar. 5, 2018) (allegations of similar instances of use of force in Harris County Jail, evidence from the 2009 DOJ report, the Sheriff's statements during a press conference, and statements from a Jail employee were sufficient to allege the existence of a policy of permitting excessive force). The allegations about this custom or practice are also sufficient to allege that the use of such force under the circumstances was not reasonably related to any legitimate governmental objective.

But Chavez-Sandoval again fails to allege sufficient facts to establish the causation element of a conditions-of-confinement claim. The element of causation often distinguishes a conditions-

of-confinement claim from an episodic-acts-or-omissions claim. *See Estate of Henson*, 795 F.3d at 464. Causation turns on whether the plaintiff was harmed by the allegedly unconstitutional conditions themselves or by the actions of a municipal employee. *Id.* The case of *Scott v. Moore*, 114 F.3d 51 (5th Cir. 1997) (en banc), provides an example. The plaintiff in *Scott* sued the city, alleging that an officer sexually assaulted her while she was in pretrial detention. *Id.* at 52. In her conditions-of-confinement claim against the city, she alleged that understaffing at the jail led to the assault. *Id.* In rejecting this claim, the court noted that while Scott alleged that inadequate staffing allowed the incident to occur, the actual harm she alleged was the sexual assault. *Id.* at 53. The court explained:

> In many jail condition cases, the conditions themselves constitute the harm. This is true, for example, where inadequate food, heating, or sanitary conditions themselves constitute miserable conditions. Here, however, Scott did not suffer from the mere existence of the alleged inadequate staffing, but only from Moore's specific sexual assaults committed on but one occasion. Consequently, this case does not fit well within the conditions-of-confinement category

*Id.* at 53-54. The Fifth Circuit has since identified a "rule" that when a particular municipal actor is interposed between the injured party and the municipal defendant, causation does not result from the policy itself and the case is properly treated as one based on an episodic act. *See Garza*, 922 F.3d at 633.

Like the plaintiff in *Scott*, Chavez-Sandoval does not allege injury from the County's alleged policy or practice of permitting the use of excessive force. Instead, his alleged constitutional injury arose from the individual detention officers' use of excessive force against him on January 19. Because it was the individual officer rather than the policy or practice who caused the injury, Chavez-Sandoval fails to state a conditions-of-confinement claim based on the institutionalized use of excessive force.

11

The County's motion to dismiss Chavez-Sandoval's conditions-of-confinement claim based on the institutionalized use of excessive force is granted. This claim is dismissed without prejudice because the court cannot find that amendment would be futile.

### c. The claim for overcrowding and understaffing.

Chavez-Sandoval also argues that he has stated a conditions-of-confinement claim based on systemic overcrowding and understaffing at the jail. This claim fails because he does not allege facts showing that either overcrowding or understaffing caused him injury.

While the failure to provide adequate and proper medical care and the use of excessive force may be unconstitutional, subjecting detainees to overcrowding or understaffing is not, by itself, a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). A plaintiff bringing a conditions-of-confinement claim based on overcrowding or understaffing must allege facts showing that those conditions actually caused a constitutional violation which resulted in his injury.

Throughout its 223 pages, Chavez-Sandoval's amended complaint alleges that every violation of every pretrial detainees' constitutional rights resulted in some way from the alleged jail overcrowding and understaffing. But Chavez-Sandoval does not allege facts showing that the alleged overcrowding and understaffing was the moving cause of his injuries. He does not allege that he suffered harm from the presence of overcrowding or understaffing. Instead, the harm he alleges was from his altercation with, and subsequent treatment by, detention officers on January 19. Because he does not allege that the overcrowding and understaffing conditions were the moving cause of the altercation and subsequent lack of treatment, he fails to state a conditions-of-confinement case based on these conditions.

The County's motion to dismiss Chavez-Sandoval's conditions-of-confinement claim based on overcrowding and understaffing is granted. This claim is dismissed without prejudice because the court cannot find that amendment would be futile.

### 2. The Episodic-Act-or-Omission Claim

As an alternative to his conditions-of-confinement claims, Chavez-Sandoval argues that he has sufficiently pleaded an episodic-acts-or-omissions claim for the use of excessive force. (Docket Entry No. 13, p. 191 n.24).

Unlike a conditions-of-confinement claim, an episodic-acts-or-omissions claim "faults specific jail officials for their acts or omissions." *Estate of Henson*, 795 F.3d at 463 (quoting *Shepherd*, 591 F.3d at 452). For liability to attach, "the municipality must cause the constitutional tort, which occurs when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Bolton v. City of Dallas, Tex.,* 541 F.3d 545, 548 (5th Cir. 2008) (per curiam) (quoting *Monell,* 436 U.S. at 694) (cleaned up). This requires the plaintiff to show "(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Garza*, 922 F.3d at 633 (quoting *Brumfield* v. *Hollins*, 551 F.3d 322, 331 (5th Cir. 2008)).

Pleading the first element requires Chavez-Sandoval to allege facts that could show that a jail official violated his constitutional rights with deliberate indifference. *See Estate of Henson*, 795 F.3d at 464. In the context of an excessive force claim, the plaintiff must allege facts showing that the jail officer's physical force was "grossly disproportionate to the need for action under the circumstances and w[as] inspired by malice rather than merely careless or unwise excess of zeal

13

so that they amounted to an abuse of official power that shocks the conscience." *Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998) (per curiam). Pleading the second element requires Chavez-Sandoval to allege facts that could show that when the officer violated his rights, the officer was following a custom or practice that the municipality adopted and maintained with objective deliberate indifference to the plaintiff's constitutional rights. *See Brumfield*, 551 F.3d at 331. Proof of a custom or practice can be shown by alleging facts that demonstrate "a pattern of unconstitutional conduct on the part of municipal actors or employees." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010) (cleaned up). "Where prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Zavala v. Harris Cnty., Tex.*, No. 22-20611, 2023 WL 8058711, at *2 (5th Cir. Nov. 21, 2023) (per curiam) (cleaned up). The plaintiff must also show, as part of this second element, that the municipal policy was the moving cause of the alleged constitutional violation. *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 848 (5th Cir. 2009).

Chavez-Sandoval's allegations, taken as true at this stage of the proceedings and considered in combination with the incorporated video evidence, sufficiently plead a claim that the detention officers violated his constitutional rights by maliciously using force that was grossly disproportionate to the need. In addition, as explained in connection with the conditions-of-confinement claim, Chavez-Sandoval has sufficiently alleged facts that could show that the detention officers' actions were taken in accordance with the County's longstanding custom or practice of sanctioning the use of excessive force against pretrial detainees. Chavez-Sandoval has sufficiently stated an episodic-act-or-omission claim based on the use of excessive force. The

14

County's motion to dismiss is denied as to Chavez-Sandoval's episodic-act-or-omission claim for the use of excessive force.

### 3. The Claim for Failure to Train

Chavez-Sandoval also alleges that the County is liable for failing to train jail employees. "A failure-to-train action is a type of *Monell* claim." *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021). A municipality's failure to train detention officers in constitutional practices and limits "can amount to a policy if there is deliberate indifference to an obvious need for training where citizens are likely to lose their constitutional rights on account of [detention officer] novices." *Peterson*, 588 F.3d at 849. To allege a claim for municipal liability on a failure-to-train theory, a plaintiff must allege facts showing that: "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson*, 994 F.3d at 482; *see also Edwards v. City of Balch Springs, Tex.*, 70 F.4th 302, 312 (5th Cir. 2023). This standard requires the plaintiff to "allege with specificity how a particular training program is defective." *Edwards*, 70 F.4th at 312; *see also Armstrong v. Ashley*, 60 F.4th 262, 277 (5th Cir. 2023) (a conclusory allegation that officers received deficient training "across the board" is not enough to plead deliberate indifference). The plaintiff must also allege facts showing that the municipal policymaker made "a deliberate choice to follow a course of action . . . from among various alternatives." *City of Canton,* 489 U.S. at 389 (cleaned up). This requires the plaintiff to allege facts showing "a pattern of similar constitutional violations by untrained employees," which would show that the policymaker had notice that the particular course of training is inadequate but failed to respond. *See Porter v. Epps*, 659 F.3d 440, 446-47 (5th Cir. 2011). To allege a pattern,

the plaintiff must allege enough sufficiently similar prior incidents to support an inference that alleged violations result from a systemic lack of training. *See Johnson*, 83 F.4th at 946-47. The plaintiff must also allege facts that could show that the failure to train is so closely related to the alleged injury that it cannot be "attribut[ed] to a particular officer's shortcomings." *Garza*, 922 F.3d at 637 (quoting *City of Canton*, 489 U.S. at 388-91).

Chavez-Sandoval's amended complaint does not meet this standard. The only factual allegation Chavez-Sandoval makes about training is to point to the 2023 report from the Texas Commission on Jail Standards, which found that certain officers had not received training on suicide prevention. (Docket Entry No. 13, p. 60). Chavez-Sandoval alleges no other facts about how the County trains its detention officers. He alleges no facts showing that a training program does not exist or identifying specific deficiencies in the County's training that resulted in the constitutional violation he alleges he suffered at the Joint Processing Center. He alleges no facts showing that the officers who confronted him had not been trained or that the officers who used excessive force against him had been trained to do so.

The thrust of Chavez-Sandoval's allegations is that if the County was properly training its detention officers, the excessive force incident would not have occurred. But a "[f]ailure to train cannot be alleged by the simple assertion that an occurrence of the incident proves the need for additional or different training." *Oliveria v. City of Jersey Vill.*, No. 4:21-cv-3564, 2023 WL 7222124, at *4 (S.D. Tex. Nov. 2, 2023) (quoting *Garcia v. Harris County*, No. 4:22-cv-198, 2022 WL 2230469, at *2 (S.D. Tex. June 2, 2022)). Chavez-Sandoval's factual allegations are insufficient to show that his injury was attributable to a systemic failure to train rather than to the detention officers' individual decisions and shortcomings. And although Chavez-Sandoval repeatedly alleges that the County failed to train its officers, his bare allegations of a systemic

failure to train, without facts, are legal conclusions. The court is not bound to accept legal conclusions as true when ruling on a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Chavez-Sandoval fails to allege facts that could show that the County had an ongoing policy or practice of failing to train its detention officers and that this policy or practice caused the violation of his constitutional rights. His allegations are legally insufficient to state a claim for failure to train. Chavez-Sandoval's claims based on an alleged failure to train are dismissed, without prejudice because the court cannot find that amendment would be futile.

### 4. The Claims for a Failure to Supervise

To state a claim for municipal liability on a theory of a failure to supervise, the plaintiff must allege facts showing that (1) the city failed to supervise the officers involved; (2) there is a causal connection between the failure to supervise and the violation of the plaintiff's rights; and (3) it was, or should have been, obvious to municipal policymakers that the "highly predictable consequence" of not supervising the officers was that the officers would violate the plaintiffs' constitutional rights. *See, e.g., Peterson*, 588 F.3d at 850; *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 453 (5th Cir. 1994) (en banc). As with a claim for failure to train, a plaintiff claiming a failure to supervise must allege facts showing a pattern of similar violations that would make the need for more supervision "obvious." *City of Canton,* 489 U.S. at 390. "Plaintiffs must show that in light of the duties assigned to specific officers or employees the need for more or different [supervision] is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Murray v. LeBlanc*, 629 F. Supp. 3d 437, 457 (M.D. La. 2022) (cleaned up).

As with his failure-to-train claim, Chavez-Sandoval's claim for failure to supervise does not meet this standard. Chavez-Sandoval alleges no facts showing that the County did not

17

supervise its detention officers. He alleges no facts showing that the need for more or different supervision of the detention officers at the Joint Processing Center was so obvious that it could reasonably be said that the County was deliberately indifferent to the need for additional supervision. He does not identify a single prior incident of excessive force occurring at the Joint Processing Center, and he does not point to prior incidents that would demonstrate that additional supervision would have prevented the altercation. He also alleges no facts showing that deficiencies in the County's supervision plan caused the alleged violation of his constitutional rights.

Chavez-Sandoval's allegations are legally insufficient to state a claim for failure to supervise. His failure-to-supervise claim is dismissed, without prejudice because the court cannot find that amendment would be futile.

**IV.     Conclusion**

Chavez-Sandoval's motion to strike the County's motion to dismiss, (Docket Entry No. 31), is denied. The County's motion to dismiss, (Docket Entry No. 17), is granted in part and denied in part. Chavez-Sandoval must file any motion seeking leave to file a second amended complaint, with the proposed second amended complaint attached, no later than **September 5, 2025**.

SIGNED on July 21, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge