IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D'ALESSANDRO CHAVEZ-SANDOVAL, § § § | | |
| *Plaintiff*, § | | |
| § | CIVIL ACTION NO: 4:24-cv-3072 | |
| v. § | Jury Requested | |
| § | | |
| HARRIS COUNTY, TEXAS, § § | | |
| *Defendant.* § | | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff D'Alessandro Chavez-Sandoval, pursuant to Federal Rule of Civil Procedure 15(a), files this Motion for Leave to File a Second Amended Complaint (a copy of which is being filed in conjunction with this Motion).

**I.    Introduction**

This case arises out of serious injuries suffered by the Plaintiff while a pretrial detainee in the Harris County Jail. Plaintiff, among many others, sued Harris County for violating his civil rights, alleging that his injuries were caused by Harris County's custom, pattern, and practice in the Jail of overcrowding and understaffing, denying its detainees adequate and proper medical care, and institutionalizing the use of excessive force against detainees. Dkt. 13.

Defendant Harris County moved to dismiss Plaintiff's claims, (Dkt. 17), and on July 21, 2025, this Court granted that motion in part and denied that motion in part. (Dkt. 111). With regard to Plaintiff's "conditions-of-confinement" claims, this Court determined that:

1.    Plaintiff did not plead sufficient facts to establish the causation element of her claims for denial of medical care or for overcrowding and understaffing; and

      2.      Plaintiff's claim for the institutionalized use of excessive force was not a conditions-of-confinement claim because it was an individual officer, not a policy or practice on the part of the County, that caused the injury.

Doc. 111 at 8-13. The Court also dismissed Plaintiff's claims for failure to train and failure to supervise, concluding that Plaintiff's complaint as to training only referenced suicide prevention, and not the use of excessive force, and that the failure to supervise claim did not demonstrate any need for more or different supervision of the detention officers. Dkt. 111 at 15-18. The Court denied the County's motion as to Plaintiff's episodic acts or omissions claim. Dkt. 111 at 13-14.

With regard to the dismissed claims, this Court did so without prejudice, finding that an amendment would not be futile and instructing Plaintiff to file an amended complaint. *Id.* at 18. Accordingly, Plaintiff now seeks leave to amend his complaint (in the form attached hereto) to address the deficiencies this Court highlighted in its Order. The attached complaint addresses each of the issues discussed by the Court in the Order on the Motion to Dismiss including adding greater clarity on the deficiencies of Harris County's training and supervision policies and practices.

The Second Amended Complaint also adds over three dozen additional incidents of excessive use of force with many occurring in the Joint Processing Center. Plaintiff also added a significant discussion of the KHOU *Struck* documentary released in December 2024 after the First Amended Complaint was filed. In this documentary and the subsequent fallout, Sheriff Gonzalez admitted to the deficiencies in the training and policies of the Jail and its officers directly relating to the use of excessive force and punches to detainee's head and face which was the very deficient actions and training that the officers implemented in Plaintiff's case only a few months prior. These statements constitute an admission of the existence of deficient training and supervision that were the moving force in Plaintiff's injuries. Each of these amendments address the Court's Order and should permit Plaintiff to continue pursuing his case towards trial.

## II. Argument & Authorities

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Leave to amend should be "freely give[n] … when justice so requires." In fact, the Rule is said to "evince[] a bias in favor of granting leave to amend." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004).

A district court must therefore possess a "substantial reason" to deny a request for leave to amend. *Id.* Leave should be given unless some combination of the following factors weighs heavily against amendment: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failures to cure deficiencies by prior amendment; (4) undue prejudice to the opposing party; and (5) the futility of the amendment. *See id*. Absent any of these factors, leave should be freely given. *Id.*

None of the factors weigh against granting leave in this case. Plaintiff has not delayed seeking leave to amend and, in fact, are doing so by the deadline set by this Court in its July 21, 2025 Order. There is no bad faith or dilatory motive behind this amendment, nor have there been repeated failures to cure by prior amendments. In fact, this is the first time the County or this Court have noted any deficiencies in the Plaintiff's complaint.

The amendment is not futile either, as this Court noted in its Order. While some of the deficiencies deal simply with a need for more or additional facts, some of the deficiencies identified by this Court merit further discussion of the legal framework that supports the Court's decision. Specifically, Plaintiff believes that further briefing regarding the distinction between a conditions-of-confinement claim and an episodic-act-or-omission claim and regarding the causation standard appliable to Plaintiff's claims is warranted.[1]

---

[1] Plaintiff reserves the right to brief these issues further either in response to any opposition by the County to this motion or to any subsequent motion to dismiss in the event leave to file the proposed, amended complaint is granted.

### A. Causation.

With regard to Plaintiff's denial of medical care claim, this Court stated that "[t]o state the causation element of a conditions-of-confinement claim, the plaintiff must allege facts showing that practice of custom was 'closely related to the ultimate injury' and 'actually caused the constitutional violation complained of.'" (Dkt. 111 at 8) (citing *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 310 (5th Cir. 2004)). While this is an accurate statement of the law and simply reflects *Monell*'s requirement that the alleged policy or custom at issue is the "moving force" behind the constitutional violation, it is somewhat incomplete.

Causation *does not* require a plaintiff to allege that a policy or practice is the *exclusive* cause of the constitutional deprivation. *Sanchez v. Young Cnty., Tex.,* 956 F.3d 785, 795 (5th Cir. 2020); *Vernier v. Smith Cnty, Tex.,* No. 6:24-cv-00378, 2025 WL 2491114, *5 (E.D. Tex. Aug. 29, 2025). Rather, the Court is to consider "how individual policies or practices interact with one another within the larger system." *Sanchez,* 956 F.3d at 795 (quoting *M.D. ex. rel. Stukenberg v. Abbott,* 907 F.3d 237, 254 (5th Cir. 2018)). "This is because confinement conditions may be constitutionally inadequate if, when viewed in combination, they have a 'mutually enforcing effect that produces the deprivation of a single, identifiable human need.'" *Id.* (quoting *Wilson v. Seiter,* 501 U.S. 294, 304 (1991)). When taken with this understanding, Plaintiff more than adequately pleaded causation for each of his claims especially at the pleading stage under the liberal *Iqbal/Twombly* standard.

### B. Conditions-of-Confinement versus Episodic-Acts-Or-Omissions.

Next, the Court reached the conclusion that Plaintiff's claim for institutionalized use of excessive force cannot properly be pled as a conditions-of-confinement claim because it involves a municipal actor—the detention officer—who actually used excessive force on the Plaintiff. Dkt.

111 at 11. In doing so, however, the Court takes too narrow of a view of a conditions-of-confinement claim.

For obvious reasons, every claim against a municipal defendant will involve individuals tasked with carrying out the municipality's policies. But, that simple fact cannot be the deciding factor as to whether a claim is designated a condition-of-confinement or an episodic act. Rather, the deciding factor should be the pervasiveness of the conduct.

A condition of confinement can either be an explicit policy or restriction (i.e., number of bunks per cell, mail privileges, disciplinary segregation) or an unstated or de facto policy, as evidenced by a pattern of acts or omissions "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct by [jail] officials, to prove an intended condition or practice." *Shepherd v. Dallas Cnty.,* 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 645 (5th Cir. 1996)). Here, Plaintiff alleged an unstated or de facto policy by Harris County to use excessive force to control its inmates and, as this Court acknowledged in its Order, Plaintiff's allegations were "sufficient to state a claim that the County permitted or condoned an ongoing extensive and pervasive practice of using excessive force against detainees." (Dkt. 111 at 10). In short, Plaintiff alleged sufficiently extended or pervasive misconduct by Harris County detention officers to plead a conditions-of-confinement claim. *See Shepherd,* 591 F.3d at 453 (finding condition-of-confinement claim properly supported by evidence of jail's treatment of inmates with chronic illnesses consisted of a comprehensive evaluative report commissioned by the County, a DOJ report, affidavits from employees of the jail and its medical contractor attesting to accuracy and applicability of the reports, and other documentary evidence).

This Court's focus on causation and who actually carries out the County policy is misplaced. The fact that the injuries to the Plaintiff may have been directly caused by a specific detention officer should not change his claim's classification. It remains a condition-of-confinement claim because the extended and pervasive nature of the excessive force used by detention officers make it so. As stated by the Fifth Circuit multiple times, plaintiffs are entitled to plead and prove both conditions of confinement and episodic acts or omissions claims in the alternative for the same exact actions. *Cope v. Coleman Cnty.*, No. 23-10414, 2024 U.S. App. LEXIS 15549, at *12, 22 n.14 (5th Cir. June 26, 2024) ("One fundamental problem with that argument [that an allegation that an officer's actions also caused the harm] is that it assumes an otherwise valid conditions claim—i.e., one alleging that the conditions alone are sufficient to cause the harm—cannot survive if an individual's actions also contributed to the alleged harm. This court has never said that").

As Judge Ellison recently concluded in litigation involving similar claims arising out of this same jail:

> Defendant argues that, because there were individual Jail employees involved in each of the alleged incidents, these claims must be brought under an episodic-acts-or-omission theory. Not so. Any policy inherently must be implemented by individual actors. That is, there will always be a specific individual who was the one who did not provide the necessary medication, who placed too many detainees in a facility, or who took away a detainee's mail privileges. If the existence of an individual actor sufficed to convert a conditions-of-confinement claim into an episodic-act-or-omission claim, the doctrines would functionally collapse into each other. Thus, the Court finds Defendant's argument unavailing. Plaintiffs' claims are properly brought under a conditions theory. *See Palo* [*v. Dallas Cnty.,* No. 3:05-CV-0527-D], 2007 WL 2140590, at *4 [(N.D. Tex. July 26, 2007)] ("[T]he presence *vel non* of the individual actors does not alter the fundamental nature of the claim.").

*Wagner v. Harris Cnty.*, No. 4:23-CV-02886, 2024 WL 2836332, at *8 (S.D. Tex. June 4, 2024).

Judge Ellison's opinion was reinforced by the Fifth Circuit's opinion in *Cope v. Colemand Cnty.,*

twenty-two days after he entered that order. 2024 U.S. App. LEXIS 15549, at *22–23, n.14. This Court, upon review of Plaintiff's amended complaint, should similarly treat Plaintiff's institutionalized use of excessive force claim as both a condition-of-confinement claim and episodic act or omission claim.

### III. Prayer

Plaintiff D'Alessandro Chavez-Sandoval respectfully requests that this Court grant him leave to file his Second Amended Complaint and such other relief to which he may show himself to be justly and equitably entitled.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Aaron Dekle*
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
(972) 942-0494 Telephone
(972) 433-0111 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Thad D. Spalding
State Bar No. 00791708
tspalding@dpslawgroup.com
Shelby J. White
State Bar No. 24084086
swhite@dpslawgroup.com
Durham, Pittard & Spalding, LLP
P.O. Box 224626
Dallas, Texas 75222

(214) 946-8000 Office
(214) 946-8433 Facsimile

**ATTORNEYS FOR PLAINTIFF**

**The Ghuneim Law Firm**

Wisam Ghuneim
Attorney to be Noticed
State Bar No. 24035702
wg@ghuneimlaw.com
4702 Spencer Hwy.
Pasadena, Texas 77505
(281) 487-8929 Telephone
(281) 487-0022 Facsimile
Designated E-Service Email Address:
eservice@ghuneimlaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

                            */s/ Aaron Dekle*
                            Aaron Dekle